No. 26769

**The People of the State of Colorado v. District Court in and for the Tenth Judicial District, and Honorable Richard D. Robb, District Judge, within and for the County of Pueblo, State of Colorado**

(541 P.2d 682)

Decided October 20, 1975.

J. E. Losavio, Jr., District Attorney, David E. Ware, Deputy, Charles Malouff, Deputy, for petitioner.

R. D. Jorgensen, Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding brought by the district attorney to prohibit the respondent district court from refusing to reopen a suppression hearing held in criminal cases Nos. 73381 and 74592. We issued our rule to show cause and the matter is now at issue. We discharge the rule.

The factual background concerning the hearings on the motions to suppress evidence, statements, and grand jury testimony is set forth in our decision in *People v. Salazar, Wallace and Martinez,* 189 Colo. 429, 541 P.2d 676, wherein this court affirmed the rulings of the district court in granting defendants' various motions to suppress.

Among the reasons stated by the trial court for granting Salazar's motion to suppress, was the conclusion by the court that Salazar's warrantless arrest was without probable cause and that the statements and confessions made by him to the police and prosecution officials, and also those made to inmates in the Pueblo county jail, were obtained as a direct result of his illegal arrest. Petitioner filed his motion to reopen the suppression hearings, as related to Salazar, for the purpose of introducing additional evidence bearing upon the issue of probable cause.

In *People v. Salazar, Wallace and Martinez; supra*, we affirmed the court's ruling granting Salazar's motion to suppress, on the ground that the statements were involuntary and taken in violation of Salazar's constitutional rights. It was unnecessary to consider the issue of the illegality of Salazar's arrest. In view of our affirmance in *Salazar* on other grounds, the issue of the legality of Salazar's arrest is now moot.

Rule discharged.

MR. CHIEF JUSTICE PRINGLE does not participate.